## Statement of Issues to be Raised (Amended)

1. All of the basies for review issues given in the initial Petition for Judicial Review already filed in this case are hereby incorporated by reference; and will be raised, as well as the following:

2. It is an abuse of discretion, is arbitrary, and capricious, or otherwise not in accordance with law — to have avoided duly examining, or granting the weight of evidence to the obvious and known to the respondents changing and maturing role of Hamas, the changed role of Hamas, the ongoing changing and maturing role of Hamas, in the lead up to January 1, 2022, up to the present, in Palestine, Palestinian Society, the Palestinian government, and internationally; as Hamas is government, it governed, is governing, and is not engaged in nor engages in terrorist conduct — and where it commits crimes, like kidnapping, such conduct is not condoned by Hamas.

3. It is Contrary to constitutional right, the power, the privilege, the immunity of Palestine, as a Soverign nation, since Hamas was and is a part of the government of

Page 2 of 9 | Petitioner's Filing — Amended Statement

Palestine; Hamas was and is government of, and in, Palestine.

4. It is in excess of statutory authority, excess of statutory limitation, excess of statutory jurisdiction, and falls short of statutory authority, to designate Hamas as a Foreign Terrorist Organization (FTO), where government, governmental actors, and governmental facets cannot be deemed to be an FTO — inflinging upon Palestine.

5. It is lacking in substantial support in the administrative record or the classified information taken, for to have designated Hamas as an FTO — whereas the respondents have publically admitted to the governmental role played by Hamas in Palestine, which Hamas continues to play; and, likewise should now be admitted to.

6. It is not in accord with the procedure of law — where Hamas functioned and functions as part of the government of Palestine (as with the Palestinian military, policing, security, health, civil society, elected offices, regulation, religious life, education, public works); as the respondents

needed to have admitted to or must now admit.

7. That there was and is a logical reason to conclude that there had been a change in facts, as to Hamas being designated as an FTO, and the U.S. Secretary of State's and Congress's knowledge of the facts between the lead up to January 1, 2022, onto the present, against the renewed designation of Hamas as an FTO (onto the present).

8. The designation of Hamas as an FTO lacked and lacks substantial support; including renewals.

9. That the conduct of Hamas from before January 1, 2022, onto the present, does not constitute 'terrorism'; nor does it threaten the security of the United States.

10. Jihad, as part of the conduct of Hamas, is a human and civil right, and is obligatory obedience and devotion to God, to Islam, to the Palestinian nation, to communal justice; it is for peace, it is 'Just War', it is just use of force, the 'rules of engagement'; and so, it is protected under natural law, under international treaties and law; it is not against Jews, it is not anti-semetic; it is for the Balfour Declaration.

11. There is actual and eminent material support intended for to aid Hamas, support which, by reason of the Hamas FTO designation, is unavailible to the organization—as well as money, already or yet to be deposited into financial institutions, that needs to be made availible to the organization; the same hinderance injuries caused to Hamas constraining Hamas's ability and eapacity to fulfill its missions and public mandates in Palestine.

12. Recruitment of members, fundraisers, sponsorship and hosting of events, humanitarian in-kind donations, purchasing any item from the organization (such as a flag of Hamas), and funds raised for Hamas, are curtailed by the Hamas FTO designation, depriving Hamas as such; and, all such limitations and prohibitions will be made allowable and permissible, and the restriction injuries will be redressed by a favorable judicial review; an example of the same affordance issue being the allowance of holding a Hamas support event, as such is being proposed by the petitioner, so since 2023, to be held at the University of Oregon, in the United States; the event currently being disall-

owed by campus police and administrators—and the Hamas FTO designation preclusions; all as under the purview of the respondents—while the University now bans the petitioner from ever returning to the campus*, despite his declared intent to study for a doctorate therein.

13.  The above referenced issues to be raised, as well as the following, should be regarded as injuries in fact, that Hamas has suffered and continues to suffer, unjustly so, as an organization; each injury affecting its members, whom are also thusly persecuted (like the petitioner being 'sniffed out' by police), their lives being deminished, physically harmed, terrorized, or deprived, for their involvements within Hamas; an injury to a Hamas member for the reason of the FTO designation of Hamas being an injury in fact to Hamas the organization; an example of Hamas member persecution injuring the organization being the way that the petitioner is targetted (as so in the War-on-Terror), assaulted, injured, demonized, and publically maligned, locally by law enforcement, as an assumed terrorist; he is repeatedly wrongfully prosecuted for crimes that he did not commit, he is precluded from access to public aid,

*Reason given: For 'terrorism'.

his founded Shia-Islamic mosque is attacked and he is precluded from being allowed to return to the site of the institution (Mosque Shoja'at), the local government have attempted to force the petitioner to leave the country without federal process, and he is now persecuted explicitly for his support for and membership in Hamas — as by the petitioner's home State government, a division of the respondents — the issues of the FTO designation of Hamas target-ings spilling out all over the world and and into suburban warfare.

14.   If an FTO designation has become effective, a defendant in a criminal action or an alien in a removal proceeding shall not be permitted to raise any question concerning the validity of the issuance of such designation as a defense or an objection at any trial or hearing; impacting the petitioner, both personally and Hamas the organization, including all persons globally.

15.   18 U.S.C. §1189 (c)(1) requires no exhaustion of a petition for revocation of a FTO designation, for Hamas to bring this petition for judicial review directly to this court. A late brought petition is justified for all of the serious causes of action

set forth in this statement of issues to be raised and the originally filed petition for review; as well as irreversible injuries being at stake alongside incarceral incapacity leniency considerations as to the situation of the petitioner.

16. The petitioner in this case is acting for Hamas, he being a sworn member of the organization (as verified by United States authorities); he is in this petition for judicial review acting 'as Hamas', he is functioning as a trustee, soldier, and brother of Hamas, the organization—for its best interests and in keeping Hamas's mandate and orders; in devotional service to God.

17. There are countless other examples of ways that Hamas is being precluded from material and financial support; Hamas being thusly injured in fact, by its FTO designation—and, in effect, so too are those that the organization enlists and serves.

Proof of Service

I, Hamid Michael Hejazi, certify that today I caused a copy of the enclosed 'Petitioner's Filing of an Amended Statement' to be mailed to the respondents' counsel, at:

Johnny H Walker, III

Assistant United States Attorney

601 D Street, N.W.

Washington, D.C. 20530

Signed,

Dated, November 6, 2025

Hamid Michael Hejazi